IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RANDY SPENCER,

    Plaintiff,

v.                                       CASE NO. 5:14-cv-258-RS-GRJ

YOUNG KWON, et al.

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is due to be dismissed because Plaintiff failed to file an amended complaint and failed to file a motion to proceed *in forma pauperis* or pay the filing fee as directed to do so several times by the Court. Alternatively, Plaintiff's complaint is also due to be dismissed because he has sued individuals who are immune from suit and otherwise has failed to state a cause of action upon which relief may be granted. Here's why:

On October 20, 2014, the Court ordered Plaintiff to file an amended Civil Rights Complaint by November 10, 2014. (Doc. 3.)  Plaintiff filed an objection to the Court's Order, requesting the District Judge to set aside or modify the Court's order on the grounds that the Court's order was clearly erroneous or contrary to law.  (Doc. 5.) The District Judge denied Plaintiff's request for relief. (Doc. 7.)  Plaintiff ignored the Court's order directing him to file an amended complaint by November 10, 2014 and directing him to pay the filing fee or file a motion to proceed *in forma pauperis*. Instead, Plaintiff filed an Emergency Motion for a Permanent Restraining Order. (Doc. 9.)  The Court

struck Plaintiff's motion and ordered Plaintiff to show cause by December 2, 2014 as to why he failed to amend his Complaint and pay the filing fee or file a motion to proceed *in forma pauperis.* (Doc. 10.) Plaintiff objected to the Court's Show Cause Order, contending that he did not receive the order timely and that he was thereafter placed in solitary confinement. (Doc. 11.) The District Judge denied the relief Plaintiff requested in his objections. (Doc. 12.) Thereafter Plaintiff filed an appeal of the Court's order denying Plaintiff's motion for preliminary injunction, (Doc. 13), which the District Judge denied, (Doc. 17) and filed a notice of interlocutory appeal. (Doc. 14.) Notably, however, despite all of these filings, Plaintiff has never responded to the Court's order to show cause, has never filed an amended complaint as directed by the Court and has yet to file a motion to proceed *in forma pauperis* or pay the filing fee. The Court has given Plaintiff several opportunities during the course of the last two months but despite the Court's directives to do so, Plaintiff refuses to file an amended complaint and refuses to file a motion to proceed *in forma pauperis*. Plaintiff's refusal to do so requires that the Court dismiss this case for failing to obey a court order.

A district court has the inherent authority to manage its own docket "to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. East Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967). Plaintiff repeatedly has failed to comply with the

Court's orders and has made no effort to amend his Complaint to state a cognizable claim, which impedes the progress of this case or even to file a motion to proceed *in forma pauperis*, the first step in bringing a federal civil rights case. Consequently, the Court has no choice but to recommend that this action be dismissed for failure to comply with an order of the Court and for failure to prosecute the case.

There may be an reason why Plaintiff refuses to amend his complaint. Plaintiff has failed to amend his Complaint because he cannot present a cognizable claim for relief on these allegations. Plaintiff's Complaint stems from his criminal case pending in state court. As defendants, Plaintiff names Judge William Van Nortwick, a judge on Florida's First District Court of Appeal, Judge Leandra Johnson, a circuit court judge on the Third Judicial Circuit and Judge Paul S. Bryan, also a circuit judge on the Third Judicial Circuit. Judge Van Nortwick handled Plaintiff's criminal appeal from his conviction and, according to Plaintiff, improperly denied Plaintiff's motion to withdraw his guilty plea, severed Plaintiff's *pro se* appeal of the denial of his habeas corpus petition and failed to provide Plaintiff with notice about Plaintiff's appeal. Plaintiff alleges Judge Van Nortwick's actions were done in bad faith. Plaintiff alleges that Judge Leandra Johnson, who presided over Plaintiff's criminal case, improperly appointed counsel in his appeal, which eliminated Plaintiff's ability to file motions *pro se.* Lastly, Plaintiff alleges that Judge Paul S. Bryan, who presided over Plaintiff's plea and sentencing, was biased because he was the prosecutor in Plaintiff's prior criminal case in 1986.

Whether the rulings of these judges are subject to legal challenge makes no

difference. What is undisputed and evident by Plaintiff's allegations is that the challenged conduct of each of these judges occurred in their role as judicial officers in issuing rulings and orders in Plaintiff's cases. Consequently, each of these judges is absolutely immune from suit because the judicial function is cloaked with absolute immunity, with certain narrow exceptions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)(judges are "entitled to absolute judicial immunity from damages for those acts taken while acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."). Accordingly, Judges Van Nortwick, Johnson and Bryan are absolutely immune from suit, regardless of any allegations of bad faith by Plaintiff. Plaintiff cannot sue them for their conduct while acting in their judicial capacity.  Thus, these claims are not subject to cure in an amended complaint.

Additionally, Plaintiff's claims against his court appointed counsel in his criminal case are not cognizable.  Plaintiff alleges that Young Kwon, a public defender who withdrew from representing Plaintiff due to a conflict, appealed a "conceding withdrawal of guilty plea" in bad faith and without Plaintiff's consent designated public defenders Nancy Daniel and Steven Seliger of the Second Circuit Public Defender's Office to represent him after his withdrawal.  Plaintiff alleges that Nancy Daniel and Steven Seliger, appointed to represent him on appeal, represented his co-defendant and should not have represented him due to this conflict of interest.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a

right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  A public defender does not act under color of state law, as here, when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  Thus, the public defenders who represented Plaintiff in the underlying criminal proceeding, are not proper parties in an action brought under § 1983.

Finally, Plaintiff claims that Defendants Blackwood, Skipper, and Roberts, who are officers at Gulf Correctional Institution, interfered with his access to courts.  Plaintiff alleges that the law library is restricted and that Defendants Blackwood and Roberts interfered with his legal mail by refusing to let him send a CD and opening his legal mail.

A necessary prerequisite to an inmate's access-to-courts claim is a demonstration of actual injury.  *Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008)("[A]ctual injury is a constitutional prerequisite to an inmate's access-to-courts claim.").  Injury includes denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials.   *Id.* at 1332. Plaintiff's complaint is devoid of any allegation that the restricted access to the library has hindered his criminal case or appeal. Indeed, Plaintiff cannot make such a showing because the attachments to Plaintiff's complaint evidence that Plaintiff was represented by counsel in his criminal case and thus would have been prohibited from filing any motions *pro se*. Consequently, even if the restrictions at the law library prevented Plaintiff from

Case 5:14-cv-00258-RS-GRJ   Document 22   Filed 12/23/14   Page 6 of 7

Page 6 of 7

researching and preparing *pro se* motions Plaintiff cannot show any injury because his counsel was not prevented from accessing the courts and filing necessary motions.

Alternatively, to the extent Plaintiff alleges that restricted access to the law library affected him during any periods in which he was not represented, the complaint is still defective because the complaint is devoid of any allegation that Plaintiff missed a deadline or had any action dismissed due to the restriction. The same is true of the claim that the prison officials tampered with his mail - he has not shown that any alleged tampering caused him actual injury.

Accordingly, in view of the fact that Plaintiff has not stated a cause of action upon which relief may be granted—and as to the claims against Judges Van Nortwick, Johnson and Bryan and Public Defenders Kwon, Daniel and Seliger these claims are not curable by amendment—the sanction of dismissal for failing to obey an order of the Court is all the more justified.

## RECOMMENDATION

Accordingly, for the foregoing reason, it is respectfully **RECOMMENDED** that this case should be dismissed for failure to comply with an order of the Court. Alternatively, this action must be dismissed for failure to state a claim.

**IN CHAMBERS** this 23rd day of December 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Case No: 5:14-cv-258-RS-GRJ*

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

*Case No: 5:14-cv-258-RS-GRJ*